UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-28 |
| ALVIN NEAL | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Alvin Neal's motion for appointment of counsel to assist him in filing a motion for compassionate release in light of the COVID-19 pandemic.[1] The Court denies the motion.

### I.  BACKGROUND

Defendant Alvin Neal was charged with five counts of possession with intent to distribute cocaine hydrochloride and cocaine base.[2] Neal pleaded guilty to three counts, and the government dismissed the remaining two counts.[3] The Court sentenced Neal to 209 months' imprisonment.[4] Neal is currently incarcerated at Oakdale I FCI, with an expected release date of July

---

[1]   R. Doc. 140.
[2]   R. Doc. 1.
[3]   R. Doc. 42 (plea agreement), R. Doc. 39 (minute entry).
[4]   R. Doc. 98 at 3 (judgment); R. Doc. 94 (minute entry).

10, 2021.[5] Defendant represents that he will be moved to a halfway house on August 10, 2020.[6]

Neal now ask the Court to "appoint a public defendant counsel to file a motion of Compassionate Release due to the Extraordinary Circumstances facing Oakdale Federal Prison."[7] Neal states that he has been " quarantine[d] for 2 months due to testing positive of COVID-19 in April."[8] He also states that he is "considered high risk and the conditions of the prison isn't [sic] getting any safe [sic]."[9]

## II. DISCUSSION

Defendant requests that the Court appoint a public defender to assist him in filing a motion for compassionate release. But defendant has not demonstrated that his motion for compassionate release would have any merit. A reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete

---

[5] *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited July 27, 2020).
[6] R. Doc. 140 at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*

"extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Here, defendant does not show he fits into any of these categories. He cites to no family circumstances, and he is only forty-five years of age. Neal states that he is "currently considered high risk" but does not cite to any specific medical issue, illness, or pre-existing condition.[10] Moreover, Neal represents that he was already infected with COVID-19 three months ago.[11] Courts have repeatedly found that defendants who contract COVID-19 and recover are not among those who fall within the guidelines or demonstrate "extraordinary and compelling reasons," meriting a reduction in their sentence. *See, e.g., United States v. Wagner*, No. 4:18-cr-155, 2020 WL

---

[10] R. Doc. 140 at 1.
[11] *Id.*

3

4034009, at *4 (E.D. Tex. July 15, 2020); *United States v. Gates*, No. 3:17-cr-150, 2020 WL 3159154, at *4 (S.D. Miss. June 12, 2020); *United States v. Russo*, No. 16-cr-441, 2020 WL 1862294, at *8 (S.D.N.Y. April 14, 2020). Because defendant has already contracted COVID-19 and seemingly recovered, he fails to show that whatever conditions make him "high risk" have "substantially diminishe[d] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G. § 1B1.13, application note 1 (emphasis removed).

Moreover, defendant represents that he has a "scheduled release date to the halfway hous[e] on August 10, 2020,"[12] or less than two weeks from the date of this Order. Neal's release to a halfway house will largely remedy his concerns regarding being imprisoned during the pandemic, as those concerns were focused on the conditions at Oakdale I FCI.[13] Even were the Court to grant defendant's motion and appoint a public defender to assist Neal in filing a motion for compassionate release, such a motion may well be moot before the Court could consider it. This circumstance similarly counsels against granting defendant's motion.

---

[12]   R. Doc. 140 at 1.
[13]   *See id.* (seeking compassionate release because of "the extraordinary circumstances we are facing in Oakdale Federal Prison").

## III. CONCLUSION

For the foregoing reasons, the Court denies defendant's motion.

New Orleans, Louisiana, this __28th__ day of July, 2020.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE